Henry G. Smith, J.,
delivered the opinion of the Court.
. The municipal government of Nashville, by ordinance of date July 11, 1867, levied upon the shares of the stock of the National Banks of Nashville, a tax of one dollar ($1.60,) and sixty' cents on every one hundred dollars’ worth of the shares of those banks.
Thomas was the owner of one hundred and seventy-five shares of the stock of the Second National Bank of Nashville, of the value of $17,500, and had his residence in the City of Nashville. McLaughlin was the owner of thirty-five shares of the stock of the same bank, and had his residence in the County of Davidson, and outside of the City of Nashville. Thomas and McLaughlin deny the validity of the ordinance, and the liability of their stock to taxation, by virtue of the ordinance. Shares of stock in the National Banks, are taxable by the States. It is authorized by the Act of Congress, of June 3d, 1864, sec. 41, 13 Statutes at Large, 99; and the Supreme Court of the United States has sanctioned the exercise of the power by the States: Van Allen vs. Assessors, 3 Wallace, 578. The Act of Congress prescribes the conditions upon which such taxation may be imposed by the States; and the taxation imposed by the States, must conform to those conditions, *602 otherwise will be void. The municipal corporations of the State are not authorized to levy taxation upon properties or privileges, other than such as are taxable by the statutory law of the State.
The inquiry then, is, whether the revenue laws of the State, embrace the shares of stock in the National Banks within the properties upon which taxation is imposed; and if so, whether the taxation imposed, conforms to the conditions prescribed by the Act of Congress? If the answer. to either branch of the inquiry be negative, the ordinance of the Corporation of Nashville is void. By the Code and statutes, shares of stock in banks are taxable; and taxation is imposed, upon them. The Code, section 541, sub-section 10, enacts, “that all stocks” are taxable. The sub-section 9, of the same section, enacts, that “all investments, by inhabitants of this State, in stocks out of the State,” are taxable; and the 10th sub-section enacts, that “all other stocks” are taxable. These words are comprehensive enough, to embrace the shares of all banks located in the State, as well those which have come into being since the enactment of the Code, as those before; and the shares of National Banks, as of banks which derive their being under the authority of the State.
The stocks of corporate bodies are personal property. It needed no statutory enactment to make them so. They are so, upon the common law definition. The section 1487, of the Code enacts, that the stocks of all private corporations designated by the section, are personal property, and subject to levy and sale under execution; and the section 3034 declares the *603 same of the stocks of railroad and turnpike corporations — corporation stocks are to he deemed personal property. The Revenue Act of the Legislature, of May 24, 1865, ch. 8, sec. 1, enacts, that the rate of taxation levied by virtue of that Act, shall be “ on every one hundred dollars’ worth of taxable property, twenty-five cents.” This includes taxable personalty as well as real estate, and of course bank stocks. The Act embraces many subjects of taxation.. The business of hanking and of other corporate franchises is embraced in' this Act. In respect of these, the tax imposed is considered to be upon the franchise privilege, or business of the corporation. This is quite another thing than taxation upon the shares .of the stock, as taxable properties of the stockholders in the corporations designated: See 6 Wallace, 594; Society for Savings vs. Caite. Personal property is taxable in the county where it is at the time of the assessment. So thOj Code declares, section 553, subsection 4; the language is: “All other personal property than slaves, shall be assessed in the county where it is at the time of the assessment.’’ The place of taxation of personal property, is, consequently, in the county where it is at the time of the assessment.
Shares of stock being personalty, and taxable in the county where the stock is, the question in respect of stocks owned by a person, is, where is the stock? At the place of the owner, or at the place of the Bank ? Undoubtedly, for the purpose of taxation, at the place of the owner. The rule is, that personal property follows the person of the owner. And this rule gov *604 erns in this State, • subject to modifications in occasional cases, of peculiar character. Though not universal, the rule is general as to personalty of all kinds; and with less exceptions as to choses in action, and as to stocks that are in the nature of choses in action, than as to personalty, of physical form and corporeal character. Nothing here said, is to be understood as implying that shares of stock owned by residents or non-residents,- may not ,be made by legislative enactment, taxable at the .place of the corporation of which it is an incident. The contrary opinion, if ever held or expressed in any decision of this Court in former years, is obsolete. Such opinion belongs to the age before stocks had become as they now are, common and practical realities in trade and finance, having a being definite to the perceptions of persons owning or dealing in them, as if invested with the form of physical actuality. The law of this State is, that stocks in Banks, or other corporations, are taxable at the place of the owner, when he is an inhabitant of this State.
Further, one of the conditions prescribed by the Act of Congress, as essential to the exercise of the power of the States to impose taxation on National Bank stock, is, that the assessment for taxation of such stock shall be “ at the place where the Bank is located, and not elsewhere.”
The law of Tenneseee does not prescribe that the assessment of Bank stocks, State or National, shall be at the place where the Bank is located, and not elsewhere.
The revenue laws of Tennessee, in respect to the taxation of shares of National. Bank stocks, is, there *605 fore, not in conformity with the condition prescribed by the Act of Congress, and is, so far as it purports to tax such stocks, void. And so, the shares of stocks of National Banks are not taxed by the Revenue Law of Tennessee, and are not taxable by the municipal corporation of Nashville. This disposes of both the present cases. Other questions pertinent to the matter in controversy, have been discussed by counsel. No useful purpose is seen demanding the decision of them here. The General Assembly, if thought fit, can easily enact a law which shall subject the National stocks to taxation.
Affirm the judgment in both cases.